972 F.2d 348
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Edward PRENTICE, Plaintiff-Appellant, Cross-Appellee,
v.
AMERICAN STANDARD, INC., d/b/a the Trane Company,
Defendant-Appellee, Cross-Appellant,
Equal Employment Opportunity Commission, Amicus Curiae.
 Nos. 91-6126, 91-6127.
 United States Court of Appeals, Sixth Circuit.
 July 23, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Edward Prentice, is a black factory worker, employed by defendant, Trane Company, since 1966. During the 1960s and 1970s, plaintiff occasionally came upon racially offensive material in the plant. Since 1985, the frequency of racially discriminatory incidents at defendant's factory has increased. Most of this conduct involved literature and clothing associated with the Ku Klux Klan. Plaintiff also complained about racial slurs from his foremen, and racially derogatory graffiti in the men's restroom and on the company bulletin board. Finally, plaintiff was the victim of an incident in which the word "nigger" was placed on a bucket bearing his name.
 
 
 2
 Plaintiff complained to management on numerous occasions. He also turned over to management racist literature that had been distributed in the plant. Throughout these years, defendant was aware of specific incidents, including an ongoing problem with racially offensive graffiti in the restrooms. Defendant posted letters on its bulletin board apologizing for the incidents and warning that racist behavior was grounds for dismissal. It also began assigning managers to patrol the plant to remove racist paraphernalia, and directed supervisors to discuss the problem in meetings with employees. Defendant installed graffiti-resistant bathroom stalls, and routinely painted over racist graffiti. In addition, it conducted inquiries which led to the termination of two foremen: one for making a racially derogatory remark, the other for not removing a Klan display. The company also put a formal warning in another employee's personnel file as the result of an earlier incident in which he was accused of wearing a Klan hood but, when questioned, apparently lied about his involvement.
 
 
 3
 Plaintiff filed a complaint with the local EEOC and, when settlement efforts failed, sued Trane in federal district court in Lexington, Kentucky, under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Kentucky Civil Rights Act, Ky.Rev.Stat.Ann. §§ 344.010-344.990 (Baldwin 1986). In essence, plaintiff claimed that defendant knew the harassment was taking place, but failed to take prompt and appropriate corrective action. The state claim was tried to a jury, which found that plaintiff had been a victim of racial harassment and awarded him $100,000 in damages. Defendant appeals this award.
 
 
 4
 When considering the federal Title VII claim, the district judge, aware of our opinion in In re Lewis, 845 F.2d 624 (6th Cir.1988), conformed his findings of fact and conclusions of law to the jury's verdict, and found that defendant had discriminated against plaintiff. In the court's view, however, the jury's verdict on the state claim did not encompass all the issues raised by the Title VII claim, particularly as they related to plaintiff's request for injunctive relief. The court concluded that defendant had "demonstrated that it will take strong action to insure that any future incidents of an offensive racial nature will be dealt with promptly and appropriately." Finally, the court determined that it was not the appropriate vehicle for monitoring the personnel practices of defendant and denied the broad injunctive relief sought by plaintiff.
 
 
 5
 Plaintiff argues that, since the jury found for him on the facts, the granting of injunctive relief in his Title VII claim was mandatory. He contends that the actions taken by defendant, such as posting memos, talking to supervisors, and painting over graffiti, were clearly inadequate remedies given the ongoing seriousness of the problem at the plant. He also points out that much of the corrective action, including the firing of two employees, occurred only after plaintiff's civil rights action was filed, and argues that an employer who takes action only after being sued fails to demonstrate a sufficient commitment to preventing further violations to render injunctive relief unnecessary. The EEOC, as amicus curiae, takes the position that once the jury found for plaintiff on the issue of harassment, it was for defendant to prove by clear and convincing evidence that discriminatory conduct would not occur in the future.
 
 
 6
 As defendant correctly notes, this court has not required the automatic issuance of injunctive relief to plaintiffs who are successful on a Title VII claim. Instead, relying upon the language of the federal statute, we have held that the granting of injunctive relief is a matter for the discretion of the trial court. Accordingly, plaintiff must demonstrate that the trial court abused its discretion in failing to grant the relief sought, not merely that injunctive relief would have been warranted. See Heights Community Congress v. Hilltop Realty, Inc., 774 F.2d 135, 144 (6th Cir.1985), cert. denied, 475 U.S. 1019 (1986).
 
 
 7
 In view of our prior holdings in Heights Community Congress and EEOC v. Monarch Machine Tool Co., 737 F.2d 1444 (6th Cir.1980), defendant has the better side of the argument. The district court is not automatically required to grant injunctive relief aimed at preventing racial harassment in the future whenever an employer is found to have violated Title VII. After Title VII liability has been established, and a plaintiff is seeking injunctive relief, a defendant is required to shoulder the burden of going forward with evidence (burden of production) tending to show that it has taken, and will continue to take, effective measures to prevent a recurrence of the actionable conduct. In the case before us, defendant met this burden. Remedial steps taken in response to plaintiff's claim were relevant in this regard and were properly considered by the trial court.
 
 
 8
 The ultimate burden of proving that injunctive relief is necessary remained with the plaintiff, however. To satisfy this burden, plaintiff had to persuade the trial judge that there was a cognizable danger that defendant would not take effective steps to prevent the conduct from recurring. In view of the evidence relied upon by the district court, we are unable to say that it abused its discretion in declining to award injunctive relief to plaintiff.
 
 
 9
 In its cross-appeal, defendant contends that there was insufficient evidence to support the jury's verdict. The trial judge, in denying its motions for judgment notwithstanding the verdict or for a new trial, disagreed. We agree. The evidence recited by the trial judge in his Findings of Fact and Conclusions of Law of August 19, 1991 was adequate to permit a reasonable jury to find in plaintiff's favor on each element of his case.
 
 
 10
 As neither appeal is well-taken, the judgment of the district court is affirmed.